**Bailor JALLOH, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–2740–ag.

United States Court of Appeals, Second Circuit.

March 28, 2007.

Thomas V. Massucci, New York, NY, for Petitioner.

Patrick J. King, Jr., Assistant United States Attorney (Patrick J. Fitzgerald, United States Attorney, Craig Oswald, Assistant United States Attorney, on the brief), United States Attorney's Office for the Northern District of Illinois, Chicago, IL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Bailor Jalloh, a native and citizen of Sierra Leone, seeks review of a May 12, 2005 order of the BIA affirming the June 8, 2004 decision of Immigration Judge("IJ") George T. Chew denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Bailor Jalloh,* No. A95 370 334 (B.I.A. May 12, 2005), *aff'g* No. A95 370 334 (Immig. Ct. N.Y. City June 8, 2004). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

When, as here, the BIA affirms without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision directly. *Jian Hui Shao v. B.I.A.,* 465 F.3d 497, 500 (2d Cir.2006). We review the IJ's factual findings under the substantial evidence standard—the "findings of

fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "When a factual challenge pertains to a credibility finding ... we afford particular deference in applying the substantial evidence standard, mindful that the law must entrust some official with responsibility to hear an applicant's ... claim, and the IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant." *Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 73 (2d Cir.2004) (internal quotation marks omitted). The fact that an IJ "has relied primarily on credibility grounds in dismissing an ... application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). But our "exceedingly narrow" review of a credibility finding, *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999), ensures only that it is "based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Zhang*, 386 F.3d at 74; *see also Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir.2003) (stating that an adverse credibility finding must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the applicant's credibility (internal quotation marks omitted)).

In support of his application, Jalloh submitted a certificate purporting to have been issued by the International Committee of the Red Cross ("ICRC"). **[JA 125]**. Counsel for the government and the IJ both questioned Jalloh regarding the origin and authenticity of the ICRC certificate. On cross examination, Jalloh provided detailed testimony regarding the certificate: (1) its contents were based on an interview conducted at the Waterloo camp; (2)though Jalloh had already departed the Waterloo camp as of the date of the certificate, it was delivered to him at a different camp; and (3) he learned that it had arrived by checking a list posted in the camp each morning. **[JA 111]**. Jalloh also testified that a second certificate, purportedly issued by the United Nations High Commissioner for Refugees("UNHCR"), was delivered to him "[t]he same way I got the other one" (referring to the ICRC certificate). **[JA 112]**. The IJ also questioned Jalloh regarding the authenticity of the certificates. **[JA 114–16]**. First, the IJ asked Jalloh, "did you really get [the certificates] from those organizations?" **[JA 114]**. Jalloh responded: "Yes, sir." **[JA 114]**. After describing other concerns regarding the authenticity of the certificates, the IJ adjourned the hearing in order to provide both parties with the opportunity to authenticate them. **[JA 115–16]**.

The hearing resumed about seven months later. **[JA 118–20]**. Jalloh's counsel stated that he had requested, but did not receive, any corroborative evidence; the government did receive a responsive letter from the ICRC, which stated in relevant part:

> This letter is to answer your query (ref. A95–370–334) sent to the International Committee of the Red Cross (ICRC) Delegation in Sierra Leone on the authenticity of a document submitted to your office by a Sierra Leonean national named Bailor Jalloh. The document featured both the ICRC and UNHCR logos.
> *The submitted document is not issued by the ICRC. It is neither genuine nor valid.* The ICRC logo on the top left side is not correct. The ICRC's logo reads "COMITE INTERNATIONAL GENEVE" not "International Committee Red Cross". ICRC travel documents are issued only by the ICRC (never jointly), are valid for a fixed time and are taken back from the beneficiary after the travel has taken place.

(emphasis added). **[JA 121]**. After accepting the letter into evidence, the IJ inquired whether either side had anything further to add; both parties answered that they did not. **[JA 119]**. Then, based largely upon the ICRC's disclaimer of authenticity, the IJ found that the ICRC certificate—which Jalloh submitted as authentic evidence of his refugee status as well as his temporary residence at the Waterloo refugee camp—was fraudulent. **[JA 71–72]**. The ICRC letter provides the substantial evidence in support of the IJ's finding.

■ The IJ concluded that Jalloh's submission of fraudulent documents "cast doubt on [his] entire claim" and concluded that "the Court cannot believe respondent's story in light of the fact that he has submitted two documents that are not what they purport to be." **[JA 72]**. This invocation of the maxim *"falsus in uno, falsus in omnibus"* was available to the IJ.

"In the immigration context, corroborating evidence is often limited, and the petitioner's credibility is almost always crucial. So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007). Here, the IJ's "finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner." *Id.* Jalloh's submission of fraudulent evidence, and his repeated and detailed testimonial assertions in support of that evidence, bear upon his credibility and thus support the IJ's invocation of *falsus in uno*.

■ Finally, Jalloh has failed to meaningfully challenge the denial of his CAT claim, so we deem any such challenge waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is **DENIED**.